HAROLD L. BLUM ET AL. *v.* HOLGER BACH ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 90543

Memorandum filed January 19, 1953.

*I. Oscar Levine,* of Hartford, for the Plaintiffs.

*Elihu H. Berman, Frank Z. Grobard, Sudarsky & Sudarsky, Apter & Nahum, Joseph Neiman, Adrian W. Maher,* U.S. District Attorney, *Edward J. Lonergan,* Assistant U. S. District Attorney, *Butler, Volpe, Garrity & Sacco* and *Robinson, Robinson & Cole,* all of Hartford, for the Defendants.

TROLAND, J.  This is an action for a declaratory judgment.  The plaintiffs Harold L. Blum and Rose L. Blum entered into a contract with the defendant Holger Bach for the construction and completion of a residence in West Hartford.  The defendant Bach failed to complete the contract, and as a result there-

of various conflicting claims arose, the plaintiffs were confronted with a multiplicity of suits, and did not know either the amount they owed Bach, or to whom it should be paid. They seek a declaratory judgment determining (1) The amount owing by the plaintiffs to the defendant Bach. (2) The person or persons to whom such amount is to be paid. (3) Whether there is any debt from the plaintiffs to the defendant Laughlin. (4) Whether the mechanic's lien of the defendant Laughlin is valid.

On the facts found by the referee questions three and four can be answered without discussion. The mechanic's lien of the defendant Laughlin is invalid, and the plaintiffs are not indebted to him. Question one is answered as follows: The amount owing by the plaintiffs to the defendant Bach is $1350.

The determination of the question to whom this amount is to be paid calls for further discussion.

On December 15, 1950, there was an existing obligation on the part of the plaintiffs Blum to pay to the defendant Bach the sum of $1350. On said day the defendant Bach owed the defendants Krupnikoff $1864.78, representing the amount of a judgment obtained November 17, 1950, in the Court of Common Pleas for Hartford County, the execution on which judgment is dated December 1, 1950, and remains wholly unsatisfied. On said December 15, 1950, the defendants Krupnikoff brought an action by writ dated December 15, 1950, returnable to the Court of Common Pleas for Hartford County, against the defendant Bach and on December 15, 1950, garnisheed the plaintiffs Blum.

On April 26, 1951, the intervening plaintiff the United States of America caused to be served upon the plaintiffs Blum a notice of levy in the amount of $3019.86 for taxes due from defendant Bach to United States of America, which amount is due. On

December 21, 1951, the defendant Bach was adjudicated a bankrupt by the United States District Court for the district of Connecticut. On January 25, 1952, the United States filed a proof of claim against the bankrupt estate of Bach, in the sum of $4239.77 for taxes, which includes the taxes mentioned above, which proof of claim does not mention that any part of said claim is secured by the notice of levy served upon the plaintiffs Blum.

The question before the court is whether the $1350 should be paid to the United States or to the defendants Krupnikoff.

Title 26, § 3670, of the United States Code provides that if a person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalties, et cetera) shall be a lien in favor of the United States on all property and rights to property, real or personal, belonging to such person.

However, § 3672 provides that a federal tax lien shall not be valid against any mortgagee, pledgee, purchaser or judgment creditor until notice has been filed by the collector in the office designated by the state statutes for such filing, otherwise with the clerk of the United States District Court. There is no office designated by the state of Connecticut for such filing. Notice was given to Blum on April 26, 1951.

Early on December 15, 1950, the Krupnikoffs were judgment creditors of Bach; as such, they had no lien on the particular fund due to Bach from Blum, but later on said day they brought suit on said judgment and garnisheed the Blums.

This was the only way in which the Krupnikoffs could avail themselves of the debt owing from Blum to Bach as a means of satisfying their judgment against Bach. By taking this action they became

judgment creditors with an attachment lien, securing their judgment in part. The government's claim is that such a status leaves the Krupnikoffs with a claim inferior to that of the United States. The Krupnikoffs' action in which the Blums were garnisheed has not yet gone to judgment.

General Statutes, § 8074, provides a plaintiff in a civil action in which a judgment for the payment of money may be rendered with a method of reaching a debt due from any person to such defendant. Upon compliance with this process, known as garnishment or foreign attachment, this statute provides that "any debt due from any such garnishee to the defendant . . . shall be secured in the hands of such garnishee to pay such judgment as the plaintiff may recover."

The Krupnikoffs therefore are judgment creditors of Bach, in the definite amount of $1864.78, and their claim, by virtue of their process of garnishment, is now secured in part by the debt in the hands of the Blums (the garnishees). This security of the Krupnikoffs can hardly be called other than a perfected lien. They are clearly identified. Their lien is on particular property, clearly identified. The amount of their judgment against Bach, which gives them the status of "judgment creditors" is also definite. *Illinois ex rel. Gordon* v. *Campbell,* 329 U.S. 362. The Krupnikoffs have a right coupled with an interest in this specific property. To be sure something remains to be done. Blum cannot safely pay money to the Krupnikoffs and be discharged of his obligation to Bach except on an execution obtained in the action brought by the Krupnikoffs on December 15, 1950, in the Court of Common Pleas.

It would appear from the above that the Krupnikoffs therefore are "judgment creditors" whose claim to the fund in question is prior to that of the United States.

The United States claims the fund by virtue of a tax lien and certain tax claims. The lien of the United States may not arise until demand has been made. There is no finding by the referee as to when the assessment lists were received by the collector; there is no finding that any demand was ever made and there is no finding that any notice of lien was ever filed in the office of the clerk of the United States District Court for the district of Connecticut. The priority of a federal lien depends upon compliance with the statutory requirements as to notice, demand, etc. The United States requested no finding of subordinate facts by the referee and made no motion to correct the finding. These essential facts are not admitted or undisputed and therefore cannot be added to the finding by the court. On the facts found by the referee it appears the United States has no lien. If the essential facts were added it would appear that in that event the lien of the United States would not have priority over the Krupnikoff lien.

Question 2 is answered advising the plaintiffs to hold the $1350 due to Bach and pay the same to the sheriff having an execution in the case of *Krupnikoff* v. *Bach* in the Court of Common Pleas referred to above. In the event no such levy is made, said sum of $1350 should be paid to Joseph Neiman, trustee in Bankruptcy, Hartford, Connecticut, to be held by him in trust, subject to the orders of the referee in bankruptcy.